91 F.3d 166
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Edwina C. RIZOR, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 95-3780.
 United States Court of Appeals, Federal Circuit.
 April 15, 1996.
 
 Before NEWMAN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.
 NEWMAN, Circuit Judge.
 
 
 1
 Edwina C. Rizor appeals the decision of the Merit Systems Protection Board, Docket No. CH0752950040-I-1, affirming her removal from the United States Postal Service based on a charge of theft of promotional coupons from the mail. The initial decision became the final decision when the two Board members failed to agree on the disposition of Ms. Rizor's petition for review.[1] Because we discern no error in the administrative judge's determination that the agency engaged in a responsible exercise of discretion in removing Ms. Rizor to promote the efficiency of the Service, we affirm.
 
 BACKGROUND
 
 2
 Ms. Rizor worked as a Distribution/Window Clerk at the Liberty Station Post Office in Ann Arbor, Michigan. She had been employed by the Postal Service for 13 years and had no disciplinary record. In the spring of 1994 R.J. Reynolds Tobacco Company notified the Postal Service that it suspected that Ms. Rizor had stolen promotional coupons from the mail. R.J. Reynolds became suspicious when it received an order from Ms. Rizor for four beach towels that required the redemption of 540 points of "Camel Cash" that Ms. Rizor submitted with her order. R.J. Reynolds had mailed the Camel Cash, in five and ten point increments, to individuals in the postal area served by the Liberty Station office and was surprised that one individual had accumulated 540 points so early in the promotion.
 
 
 3
 Upon investigation, the Postal Service determined that 520 points of the Camel Cash Ms. Rizor sent to R.J. Reynolds came from undeliverable mail at the Liberty Station post office. One of Ms. Rizor's duties was to sort through the undeliverable mail to check for deliverable mail that had been inadvertently included. Postal Service regulations require that all undeliverable third-class or bulk business mail, such as the undeliverable Camel Cash coupons, be discarded in the dumpster behind the Liberty Station office.
 
 
 4
 When confronted by Postal Service investigators, Ms. Rizor admitted that she had taken "coupons" out of the undeliverable mail and stated that she intended to apologize to R.J. Reynolds. The Postal Service removed Ms. Rizor effective October 14, 1994.
 
 
 5
 Ms. Rizor appealed the removal to the Board. The administrative judge held a hearing at which Ms. Rizor admitted that she had mailed the undeliverable coupons to R.J. Reynolds but denied that she took them from the undeliverable mail. Her seventeen-year-old son testified that he took the Camel Cash coupons out of the dumpster behind the post office. However, because he could not recall the color of the dumpster and stated that he removed the coupons from the dumpster at night, the administrative judge found his testimony to be "incredible." She thus found that Ms. Rizor took the coupons out of the undeliverable mail.
 
 
 6
 The administrative judge next examined the reasonableness of the removal penalty. She noted that agency regulations provide for the removal of an employee for even one act of theft and that the agency's deciding official, James Gibbons, testified that he had lost confidence in Ms. Rizor's ability to carry out the Postal Service's mission. The administrative judge also found that Ms. Rizor lacked rehabilitative potential because she failed to show remorse and she produced her teenage son to give "incredible testimony on her behalf." Thus the administrative judge found that, considering all relevant factors, the penalty of removal was reasonable.
 
 
 7
 Ms. Rizor appealed the administrative judge's decision to the full Board. The two Board members could not agree on the disposition of the appeal, whereby the administrative judge's opinion became the final decision of the Board. This appeal followed.
 
 DISCUSSION
 
 8
 We must affirm the Board's decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c). Moreover, our review of an agency's choice of penalty is highly deferential. Webster v. Department of the Army, 911 F.2d 679, 685 (Fed.Cir.1990), cert. denied, 502 U.S. 861 (1991); Miguel v. Department of the Army, 727 F.2d 1081, 1083 (Fed.Cir.1984). Whether the penalty imposed by the agency amounts to an abuse of discretion depends upon the unique circumstances of each case.[2]
 
 
 9
 Ms. Rizor does not now contest the Board's finding that she improperly removed the coupons from undeliverable mail. However, she asserts that the penalty of removal was unreasonable and unwarranted, and she requests that the removal be mitigated to a suspension. Ms. Rizor argues that removal is unwarranted for the theft of coupons of de minimis value from undeliverable mail by an employee with 13 years of service and no prior disciplinary record. Also, she asserts that Mr. Gibbons' stated policy of removing all employees who steal means that he did not consider all the relevant Douglas factors and thus did not responsibly exercise his discretion in deciding to remove her.
 
 
 10
 On the facts before us, the agency's removal of Ms. Rizor was not outside the tolerable bounds of reasonableness and thus was not an abuse of discretion. Both the agency and the administrative judge considered the factors relevant to Ms. Rizor's case. The first Douglas factor considered by the agency was the nature of the offense. Theft of mail, whether deliverable or undeliverable is considered a serious matter by the Postal Service, and the Service provides clear notice to employees that theft could result in removal. See Domestic Mail Manual, § 115; District General Order # 1. Mr. Gibbons testified at the hearing before the administrative judge that he considered Ms. Rizor's work history and past disciplinary record, the consistency of the penalty with that imposed on other employees, and the impact of her action on the reputation of the Postal Service. He testified that he considered whether there were any mitigating circumstances but that he did not find any and that he had lost confidence in Ms. Rizor's ability to properly handle the mail. Mr. Gibbons stated that the public relies on postal employees to deliver mail or dispose of it properly and he could not retain an employee who misused her position to obtain items from a postal customer.
 
 
 11
 The administrative judge also considered the relevant Douglas factors, focusing on the seriousness of the offense and Ms. Rizor's lack of potential for rehabilitation as evidenced by her lack of remorse and the use of her son to provide "incredible" testimony. See DeWitt v. Department of the Navy, 747 F.2d 1442, 1445-46 (Fed.Cir.1984), cert. denied, 470 U.S. 1054 (1985) (employee's false testimony at hearing is relevant factor in upholding removal). The administrative judge determined that the removal was reasonable in light of all the relevant factors.
 
 
 12
 Ms. Rizor argues that the facts of her case are so similar to the facts of Ciulla v. United States Postal Service, 37 M.S.P.R. 627 (1988), in which the Board mitigated the employee's removal to a suspension, that injustice will result if her removal is not also mitigated. However, Ms. Rizor's case is distinguishable from Ciulla regarding an important factor that makes it more similar to DeWitt. The Federal Circuit in DeWitt, 747 F.2d at 1445-46, refused to mitigate a removal penalty where the employee had taken items of de minimis value and had a 13-year unblemished work record but denied any wrongdoing and "gave testimony at the hearing which the Board found was 'obviously fabricated.' " Here, Ms. Rizor initially admitted taking the coupons but later, at the hearing, denied having done so. The administrative judge found that this behavior, coupled with the presentation of "incredible" testimony, indicated lack of rehabilitative potential, which weighed heavily in her decision to sustain the agency's removal of Ms. Rizor. In Ciulla, not only did the employee readily admit his conduct but he did not present any "incredible" or "obviously fabricated" exculpatory testimony. This difference precludes any injustice due to our decision not to mitigate Ms. Rizor's removal.
 
 
 13
 The record before us reflects a reasoned review of the factors appropriate to evaluating a penalty. We can not say that the decision to remove Ms. Rizor was arbitrary, capricious, or unsupported by substantial evidence. Finding no error of law and no abuse of discretion, we affirm.
 
 
 
 [1]
 Rizor v. United States Postal Serv., 68 M.S.P.R. 382 (1995)
 
 
 [2]
 The factors to be considered in determining the appropriateness of a penalty, called the "Douglas factors," include: (1) the nature and seriousness of the offense; (2) the employee's position; (3) the employee's past disciplinary record; (4) the employee's past work record, including length of service; (5) the effect of the offense upon the employee's ability (and her supervisor's confidence in that ability) to perform her duties; (6) the consistency of the penalty with those imposed on other employees; (7) the consistency of the penalty with any agency table of penalties; (8) the impact of the offense on the agency's reputation; (9) the clarity of the employee's notice of the rules; (10) the employee's potential for rehabilitation; (11) any other mitigating circumstances; and (12) any adequate alternative sanctions. Douglas v. Veterans Administration, 5 M.S.P.R. 280, 305-06 (1981). Only those Douglas factors relevant to each case need be considered. Webster, 911 F.2d at 686